UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
HYUNDAI CAPITAL AMERICA,           :
D/B/A KIA FINANCE AMERICA,         :
                                   :
                Petitioner,     :
                                   :
      -against-                    :    **SUMMARY ORDER**
                                   :    24-cv-803 (DLI)(LB)
SHARLYNE GOODING,                  :
                                   :
                Respondent.     :
----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On February 2, 2024, Hyundai Capital America, d/b/a KIA Finance America ("Petitioner"), filed a petition to confirm and enforce an arbitrator's award ("Award") rendered on November 28, 2023 against Sharlyne Gooding ("Respondent"). *See*, Pet., Dkt. Entry No. 1. The Award was rendered pursuant to a Retail Installment Sales Contract ("RISC") between Petitioner and Respondent. *See,* Decl. ¶ 2, Dkt. Entry No. 3. To date, Respondent has not responded to Petitioner's confirmation action, challenged the Award, or appeared in this action. For the reasons set forth below, the unopposed petition to confirm the Award is granted.

## BACKGROUND

In April 2022, Respondent purchased a new vehicle from and entered into the RISC with NorthStar Kia. *See*, Decl. Ex. 2 ("Award") at 2. NorthStar Kia later assigned the RISC to Petitioner. *Id.* Pursuant to the RISC, Respondent was required to pay 75 monthly installments of $613.49 to Petitioner. *See*, Decl. Ex. 3 ("RISC"); Award at 2. Respondent made only three of the 75 monthly payments. *See*, Award at 2. As a result of the nonpayment, on October 27, 2022, Petitioner repossessed the vehicle and sent Respondent emails explaining how to reclaim her personal property and reinstate the RISC. *Id.* On October 28, 2022, Petitioner sent Respondent a

Notice of Right to Redeem and Plan to Sell Property, which explained that Petitioner would sell the vehicle "at a private sale sometime after November 7, 2022" if Respondent did not take any steps to reinstate the RISC. *Id.* Respondent did not take the necessary steps to reinstate the RISC and did not retrieve her personal belongings from the vehicle. *Id.*

The RISC contains a binding arbitration provision that requires claims or disputes arising out of or relating to, *inter alia*, the purchase or condition of the vehicle "or any resulting transaction or relationship" be "resolved by neutral, binding arbitration and not by a court action." *See*, RISC at 5. Thus, on November 8, 2022, Respondent commenced arbitration against Petitioner, alleging that it had breached the RISC, wrongfully repossessed her vehicle, failed to disclose that Hyundai Capital America was doing business as KIA Finance America, committed fraud, defamed her character relating to credit reports, and violated provisions of the Uniform Commercial Code. *See*, Award at 2. Petitioner answered with affirmative defenses and added counterclaims for breach of contract and unjust enrichment. *Id.*

On October 18, 2023, arbitrator Mary K. Austin held an evidentiary hearing. *Id.* Based on the evidence presented and the parties' post hearing submissions, the arbitrator dismissed all of Respondent's claims, finding that her arguments and evidence were "ill-founded and irrelevant." *Id.* at 3. The arbitrator found that the evidence supported Petitioner's counterclaim for breach of contract and awarded damages for repossession fees in the amount of $570. *Id.* Petitioner's counterclaim for unjust enrichment and the requests for mitigating damages and attorney's fees were denied. *Id.* To date, Respondent has failed to abide by the Award, which has not been vacated or modified. *See*, Pet. ¶ 4. The petition is timely because it was filed within the one-year statute of limitations applicable to a petition to confirm an arbitrator's award. *See*, *Finkel v. JCF Elec., Inc.,* 2022 WL 3682834, at *2 (E.D.N.Y. Aug. 25, 2022).

## DISCUSSION

Courts in this Circuit "treat an unanswered petition to confirm an arbitration proceeding 'as an unopposed motion for summary judgment,' since a petition to confirm an arbitration award is typically accompanied by a record." *Trs. of Empire State Carpenters Annuity v. J. Careri Constr. Co.*, 2016 WL 492145, at *1 n. 1 (E.D.N.Y. Jan. 5, 2016), *R. & R. adopted by* 2016 WL 520992 (E.D.N.Y. Feb. 8, 2016) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109-110 (2d Cir. 2006)).  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  Here, Respondent has not answered or opposed the petition, which was accompanied by a record consisting of the petition, the Award, a transmittal letter of the Award to the parties, and the RISC.  *See*, Compl.; Decl.  Accordingly, the petition is converted to a motion for summary judgment.

"Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *D.H. Blair*, 462 F.3d at 110 (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).  This is because the Second Circuit "repeatedly [has] recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138-39 (2d Cir. 2007) (explaining that the Second Circuit "uses an extremely deferential standard of review for arbitral awards").  Courts in this Circuit will vacate an arbitration award "only upon finding a violation of one of the four statutory bases [enumerated in the Federal Arbitration Act ("FAA")], or, more rarely, if [the court] find[s] a panel has acted in manifest disregard of the law." *Porzig*, 497 F.3d at 139 & n. 3.  The FAA's grounds for vacatur of an award generally involve impropriety

by the arbitrator, for example, fraud, corruption, partiality, prejudice towards one of the parties, or exceeding his/her powers as arbitrator. *See*, 9 U.S.C. § 10(a).

Here, Petitioner presents an unopposed petition to confirm the Award and has provided uncontroverted materials that demonstrate an absence of a genuine material issue of fact for trial. The record shows that the arbitrator had more than a reasonable basis to conclude that Respondent failed to make required installment payments. *See*, *Finkel v. Mech. Elec. Corp.*, 2022 WL 17740190, at *1 (E.D.N.Y. Dec. 16, 2022) ("Indeed, only a barely colorable justification for the outcome reached by the arbitrator is necessary to confirm the award." (citation, internal quotation marks, and modification omitted)). The record also makes clear that the arbitrator acted within the scope of her authority, had an adequate basis for the Award, and acted in accordance with the arbitration provision of the RISC. The Court finds no reason to vacate the Award on any of the FAA's statutory grounds, and there is no evidence that the arbitrator acted improperly, let alone "in manifest disregard of the law." *Porzig*, 497 F.3d at 139. Accordingly, the petition is granted, and the Award of $570 is confirmed.

## CONCLUSION

For the foregoing reasons, the petition, which has been converted into a motion for summary judgment, is granted, and the Award of $570 in favor of Petitioner is confirmed. The Clerk of the Court is directed to enter judgment in favor of Petitioner.

SO ORDERED.

Dated: Brooklyn, New York
       September 10, 2024

/s/
DORA L. IRIZARRY
United States District Judge

4